RINGWALT LINOLEUM WORKS v. THERESA LIQUOR ET AL.

Submitted July 6, 1916—Decided November 10, 1916.

Where a petition was filed under the Workmen's Compensation act, and a day was thereafter fixed for hearing by the court, and the hearing was continued by an order regularly entered until June, 1914, and nothing further was done thereafter until September 25th, 1915, involving a period of over twelve months, when an order was made fixing a day for hearing—*Held*, that the proceedings under the act are intended to be of a summary nature, and the failure of the petitioner to move the hearing during the interim, warranted the defendant in concluding that the proceeding had been abandoned, and the order fixing a day under the circumstances is set aside.

On *certiorari* removing an order of the Middlesex Common Pleas.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Bedle & Kellogg.*

For the defendants, *George L. Burton.*

The opinion of the court was delivered by

MINTURN, J.   The writ is intended to review an order of the Middlesex Pleas respecting the trial of a case under the Workmen's Compensation act between the parties hereto.

The difficulty presented arises from the failure of the parties to enter upon the record the various orders of continuance.   The petition was filed on January 27th, 1914, and an order was thereafter made fixing February 20th, 1914, for the hearing.   The trial was thereafter continued by orders regularly entered until June 2d, 1914.   A lapsus is then presented until September, 1915, during which interim no action was taken by either party, and no further order was entered. Upon the latter date the Common Pleas, against the objection

of the prosecutor, made an order fixing September 25th, 1915, as the day for hearing, and the present writ was allowed to review the legality of that order.

Upon this proceeding we are concerned only with the record of the Common Pleas removed by this writ. *Moore* v. *Hamilton*, 24 *N. J. L.* 532.

If that record be deficient in any respect it is within the province of either party to allege diminution and supply the deficiency. The certified record shows no entry of an order of continuance during the period to which reference has been made, and our consideration of the case must be based upon the status thus presented.

The proceedings under review are statutory in their origin and are intended to be summary in their nature and conduct. *Bauer* v. *Common Pleas*, 88 *N. J. L.* 128.

The twentieth section of the Workmen's Compensation act provides that after the filing of the petition the judge of the Common Pleas shall fix a time and place for hearing, not less than three weeks after the date of filing the petition, and requires him to file his determination within thirty days after final hearing. It is further provided that "at the time fixed for hearing, or any adjournment thereof," the judge shall hear the witnesses, and "in a summary manner decide the merits of the controversy."

The manifest and clear intent of the act is to secure that inexpensive and expeditious determination of the controversy, which theretofore was claimed to be a fatal defect in existing legal procedure.

The procedure followed in the case at bar obviously violates the spirit of the act. The proceedings being entirely statutory, it was incumbent upon the petitioner to present her case upon the day fixed for hearing, or to continue it by stated adjournments in regular manner upon the records of the court, either by consent of the defendant or by an application made upon notice to the other side, so that the defendant would have notice of the proceeding, and be cognizant of the status of the case. To countenance this applica-

tion after twelve months have expired since the last regular step was taken in the proceeding is, in effect, to ignore the very purpose of this legislation, and to give to the party in laches an advantage which he could not have attained under legal procedure as it existed anterior to this enactment. *Wolf v. Watson Stillman Co., 79 N. J. L. 284.*

There is always, of course, the consideration to be noted in such a situation as is presented by this record, that the adverse party deeming the proceeding to have been abandoned may find it difficult, if not entirely impracticable, to procure the witnesses to the controversy, who, when the petition was filed, may be presumed to have been readily accessible. These considerations lead us to conclude that the order brought up for review must be set aside.